UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 20-cv-61772

JOEL LUCOFF,

    Plaintiff,

vs.

AMERICAN EXPRESS
CENTURION BANK,

    Defendant.
    _____/

## COMPLAINT
## JURY DEMAND

1.  Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55, *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012). *Mims v. Arrow Fin. Servs. LLC*, 2012 U.S. LEXIS 906 (U.S. 2012) and 28 U.S.C. §1367.

## PARTIES

3.  Plaintiff, JOEL LUCOFF ("Lucoff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.  Defendant, AMERICAN EXPRESS CENTURION BANK, ("Amex") is a national banking association with its principal place of business at 4315 South 2700 West, Salt Lake City, UT 84184.

5.  Amex is a creditor as defined by the FCCPA.

## FACTUAL ALLEGATIONS

6. Amex contacted Plaintiff on his cellular telephone and may have left messages. ("the telephone messages").

7. The telephone number called was 954-562-0907.

8. Defendant was calling Plaintiff in an effort to collect a debt ("the debt") allegedly due from Nancy Valencia.

9. Amex used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

10. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227 (b)(1)(A).

11. Defendant willfully or knowingly violated the TCPA.

12. The debt Defendant was seeking to collect was for an American Express credit card issued by Defendant. The debt was for personal, family, or household use.

13. In August 2020, Defendant contacted Plaintiff in an attempt to collect the debt from Nancy Valencia.

14. Defendant has previously called Plaintiff's cellular telephone seeking Nancy Valencia. Plaintiff has previously advised Defendant that there was no Nancy Valencia at the Plaintiff's telephone number.

15. Even after this communication, Defendant continued to contact Plaintiff asking to speak with Nancy Valencia.

16. Plaintiff never provided his cellular telephone number to Defendant in relation to a debt for Nancy Valencia.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

17. Plaintiff incorporate paragraphs 1 through 4 and 5 through 16.

18. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. a declaration that Defendants calls violate the TCPA;

    c. a permanent injunction prohibiting Defendant from placing non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d. Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE FCCPA

19. Plaintiff incorporates paragraphs 1 through 8 and 12 through 16.

20. Defendant attempted to communicate with Plaintiff when Defendant knew that Plaintiff had no relation to any debt owned by Nancy Valencia, did not provide his contact information regarding the debt, and was not responsible for any debt for Nancy Valencia in violation of Fla. Stat. §559.72(18).

21. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345 (S.D. Fla. 2008).

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Amex for the following:

a) Actual damages in an amount to be proved at trial;

b) Attorneys' fees, litigation expenses and costs of suit;

c) Declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

d) Permanently enjoining Defendant from direct communication with Plaintiff; and

e) Such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Debt Shield Law, P.A.
Attorney for Plaintiff
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Tel:   754-800-5299
Fax:   305-503-9457
service@debtshieldlawyer.com
joel@debtshieldlawyer.com

 /s/ *Joel D. Lucoff*
Joel D. Lucoff
Fla. Bar No. 192163